UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| PRENTISS McHENRY | CIVIL ACTION NO. 3:12-cv-2922 |
| VS. | SECTION P |
| | JUDGE JAMES T. TRIMBLE, JR. |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Prentiss McHenry filed the instant "Petition for Writ of Mandamus" on November 8, 2012. McHenry is apparently a pre-trial detainee at the Morehouse Parish Jail awaiting trial on unspecified charges pending in Louisiana's Fourth Judicial District Court, Morehouse Parish. He claims that his September 17, 2012, Motion for Discovery and Inspection has gone unanswered despite repeated requests and he asks this Court to "issue a writ of mandamus directing the District Court to render a judgment on the pleadings filed by petitioner without delay."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Law and Analysis*

McHenry is asking this Court to order Louisiana's Fourth Judicial District Court to act on his motion for discovery filed in conjunction with pending criminal charges. He is advised – federal courts may not interfere with the state courts' application of state law. *cf. Smith v.*

*McCotter*, 786 F.2d 697, 700 (5th Cir.1986) ("We do not sit as a 'super' state supreme court. (citation omitted) Consequently, we decide ... issues only to the extent that federal constitutional issues are implicated and we refuse to act as an arm of the [state court of appeals]..."). Contrary to McHenry's mistaken belief, this court holds no supervisory power over state judicial proceedings and may intervene only to correct errors of constitutional dimensions. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982).

Further, to the extent that McHenry seeks to invoke the *mandamus* jurisdiction of this court, such a claim is likewise without merit. Title 28 U.S.C. § 1361 provides in pertinent part, "[D]istrict courts ...  have original jurisdiction of any action in the nature of mandamus <u>to compel an officer or employee of the United States or any agency thereof</u> to perform a duty owed to the plaintiff." (emphasis supplied) Neither the Fourth Judicial District Court nor the State of Louisiana are "officers or employees of the United States." McHenry is clearly not entitled to *mandamus* relief.

Therefore,

**IT IS RECOMMENDED** that the instant Petition for Writ of Mandamus be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed**

**legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 23, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE